UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MDS AMERICA, INC.,

       Plaintiff/Counter-Defendant,

v.                                    Case No. 04-72353-DT

MDS INTERNATIONAL, S.A.R.I.,

       Defendant/Counter-Plaintiff.
                                          /

**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

Pending before the court is a motion for sanctions filed by Plaintiff/Counter-Defendant MDS America ("MDSA" or "Plaintiff") on September 28, 2005. Having reviewed the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

**I. STANDARD**

Federal Rule of Civil Procedure 37 provides for the imposition of sanctions if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Rule 37 allows the court to "make such orders in regard to the failure as are just." *Id.* Among other sanctions, the court may enter "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37(b)(2)(C). In exercising its discretion in determining whether to impose sanctions, the court should consider:

> (1) whether the adversary was prejudiced by the [sanctioned] party's failure to cooperate in discovery,
> (2) whether the [sanctioned] party was warned that failure to cooperate could lead to [such a sanction], and
> (3) whether less drastic sanctions were imposed or considered before [the final sanction] was ordered.

*Taylor v. Medtronics, Inc.,* 861 F.2d 980, 986 (6th Cir. 1988). Dismissal of an action or entry of a default judgment "for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990) (citing *Regional Refuse Sys. v. Inland Reclamation Co.,* 842 F.2d 150, 153-154 (6th Cir. 1988)).

## II.  DISCUSSION

On July 20, 2005, the court entered an order granting Plaintiff's motion to compel and ordering Defendant/Counter-Plaintiff MDS International, S.A.R.I. ("MDSI" or "Defendant") to respond to Plaintiff's second request for production of documents within 21 days. Plaintiff now claims that Defendant violated that order. Specifically, Plaintiff claims that documents responsive to the document requests were not timely produced and, further, that certain documents were deliberately withheld or modified before production.

As stated above, the court originally gave Defendant 21 days from July 20, 2005, or until August 10, 2005, to respond to the outstanding document requests. (7/20/05 Order at 1.) On August 10, Defendant produced a 1 ½ inch stack of documents. (Pl.'s Br. at 2.) Thereafter, however, Defendant notified Plaintiff that the production was not complete and requested additional time to supplement its production. (Pl.'s Br. at 5;

Pl.'s Ex. H.)  Plaintiff granted Defendant an extension until August 31, 2005, and the court entered a stipulated order extending various filing deadlines.  (*See* 8/19/05 Order.)  The parties, however, soon got into another discovery dispute when Defendant notified Plaintiff that production would not be complete by August 31.  (*See* Pl.'s Br. at 6-7.)  This dispute was resolved when Defendant agreed to produce a copy of Fabrice Ducasse's hard drive, through which Plaintiff could conduct its own search.  (*Id.* at 7.)

Plaintiff's initial review of Mr. Ducasse's hard drive revealed that it was not complete.  It appeared to Plaintiff that several items on the hard drive had been deleted or modified.  (*Id.* at 7.)  Defendant apparently acknowledged that the hard drive was "full of computer viruses and that these viruses had to be extracted before making a copy." (*Id.* at 7-8.)  Additionally, Defendant explained that the extraction procedure accounted for the missing data and the indications that the directories had been modified.  (*Id.*)  Not satisfied with this explanation, Plaintiff demanded a complete copy of the hard drive, including any viruses, which Defendant in turn provided.

The second hard drive was reviewed by Plaintiff's experts and Plaintiff now claims that the second hard drive was also "incomplete and that numerous directories within the drive had been altered since the date it was seized from Fabrice Ducasse." (Pl.'s Br. At 8; Pl.'s Exs. N & O.)  Plaintiff also claims that there were no viruses on the second hard drive, and that Defendant's virus excuse was therefore a fabrication.  (*Id.*)  Plaintiff thus claims that Defendant has violated the July 20, 2005 order, has not fully complied with its discovery obligations, and should be sanctioned accordingly.  Plaintiff asks for sanctions in the form of a default judgment on Count I of Plaintiff's complaint, which Defendant claims would amount to a $ 4.3 million judgment.

Having reviewed the briefs, and the supporting exhibits, the court finds that Defendant has not willfully violated the court's July 20, 2005 order or any of its discovery obligations. To the extent that Defendant was late in responding to the document requests, the court will decline to sanction Defendant for its tardy production. It appears to the court that Defendant worked diligently to produce the documents, and did not willfully withhold responsive documents. Further, Plaintiff's counsel granted Defendant at least one extension to produce the documents, and agreed to accept a copy of the hard drive as a resolution to the problems that Defendant encountered in producing the documents. Finally, the court finds that Plaintiff suffered little prejudice in the delay in production, in that the court has already entered a stipulated order modifying the scheduling order, (*see* 8/19/05 Order), and has indefinitely adjourned the dispositive motion deadline pending resolution of this dispute, (*see* 10/06/05 Order). By this point, Plaintiff presumably has all documents in its possession that, according to Defendant, are responsive to the document requests. If Defendant subsequently produces additional documents, the court will entertain an appropriate motion at that time.

Further, the court is not persuaded that Defendant improperly modified or deleted any files from the hard drive before it voluntarily produced the hard drive to Plaintiff. The court finds credible the explanations provided by Defendant's witnesses, and in particular of its expert, Derek Donnelly, and its employee, Michel Erhart, that the indications of modifications and deletions were the result of the extraction procedure, and not of any attempt to hide or alter documents. The court will therefore decline to assess sanctions based on the production of the hard drive.

## III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff/Counter-Defendant MDS America's motion for sanctions [Dkt. # 63] is DENIED.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 18, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2005, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522