UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MDS AMERICA, INC.,

    Plaintiff/Counter-Defendant,

  v.                                     Case No. 04-72353-DT

MDS INTERNATIONAL, S.A.R.I.,

    Defendant/Counter-Plaintiff.

_____/

**ORDER DENYING PLAINTIFF'S
"MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT"**

Pending before the court is a "Motion for Leave to File an Amended Complaint," filed by Plaintiff/Counter-Defendant MDS America ("MDSA" or "Plaintiff") on September 30, 2005.  Having reviewed the briefs, the court concludes that a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons discussed below, the court will deny the motion.

**I.  STANDARD**

The decision whether to grant leave to amend the pleadings is governed by Federal Rule of Civil Procedure 15.  Rule 15 provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to

cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

    Federal Rule of Civil Procedure 16(b) requires the court to prepare a scheduling order, which can only be modified upon a showing of good cause.  Additionally, "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed. R. Civ. P. 16, 1983 advisory committee's notes; *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)). Before modifying the scheduling order the court should also consider whether the opposing party will suffer prejudice by virtue of the amendment.  *Id.*  Rule 16 should not be used to circumvent the requirements of Rule 15.  *See generally Leary,* 349 F.3d 906-909.  Thus, Plaintiff must satisfy the requirements of both Rule 15 and Rule 16.

## II. DISCUSSION

    Plaintiff seeks to amend its complaint to add three additional defendants, Jean-Claude Ducasse, Corrine Ducasse, and MMDS Hypercable, based upon a piercing of Defendant's corporate veil or "alter ego" theory.  (*See* Pl.'s Br. at 1; *see also* proposed Am. Compl.)  Plaintiff does not dispute that it has brought this motion after the deadline for amending the pleadings, but argues that it only recently discovered evidence supporting this theory and any delay in bringing a motion to amend earlier is attributable to Defendant.

According to the court's March 9, 2005 Scheduling Order, the last date to file any motion to amend the pleadings was June 17, 2005. Plaintiff's motion, filed on September 30, 2005, is therefore over three months late. Discovery is now closed, and the matter is ready for either dispositive motion practice or for trial. Contrary to Plaintiff's assertion, allowing an amendment would necessarily delay this case, as it would require the service and addition of three foreign defendants, all of whom will need an opportunity to obtain their own attorney, file their own answer, and conduct their own discovery. This case has already been pending for over a year, and the court finds it likely that allowing an amendment will result in a significant delay. The delay will prejudice Defendant both in the substantial additional costs it will incur in duplicating discovery efforts (which likely include additional travel to Europe and Kuwait) and in the deferment of a final resolution to this action.[1]

Moreover, the court is not persuaded that Plaintiff could not reasonably have met the deadline for filing motions to amend if it had exercised diligence. *See Leary,* 349 F.3d at 906. Plaintiff attempts to deflect the blame for its delay by pointing to Defendant's alleged discovery violations. Plaintiff has, however, failed to establish that it did not have a good faith basis to bring an action against the three additional defendants prior to September 30, 2005, or more specifically, prior to the court's

---

[1] Indeed, in its response to defense counsel's motion to withdraw as counsel, Plaintiff argues that allowing substitution of defense counsel would result in prejudicial delay and substantial additional expense. (*See* Pl.'s 10/31/05 Resp. at 3.) If *substitution* of counsel would create undue delay and expense, then certainly the *addition* of three parties and their new counsel would result in even greater delay and expense.

3

deadline for amending the pleadings.[2] The court cannot accept counsel's bare assertion that Plaintiff could not have brought a motion to amend earlier, and Plaintiff has failed to present sufficient evidence to persuade the court that it acted diligently in bringing the motion once it had a sufficient factual basis.

The court thus finds that Plaintiff has not met its burden of persuading the court that the requirements of Rule 15 or Rule 16 have been met. The court will therefore deny the motion for leave to amend.

### III.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff/Counter-Defendant MDS America's "Motion for Leave to File an Amended Complaint," [Dkt. # 65] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  November 18, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2005, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

---

[2]For example, in a June 2, 2005 email counsel for Plaintiff indicated that he had "very good reason to believe that Mr. and Mrs. Ducasse are misappropriating (or have misappropriated) corporate assets and diverting corporate assets to other entities." (*See* Ex. D., attached to Def.'s 6/30/05 Resp. To Pl.'s Mot. To Compel.)

S:\Cleland\JUDGE'S DESK\Even Orders\04-72353.MDSA.AmendComplaint.wpd