UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MDS AMERICA, INC.,

    Plaintiff,

v.                                        Case No. 04-CV-72353-DT

MDS INTERNATIONAL, S.A.R.I.,

    Defendant.
                                           /

**ORDER SETTING DEADLINES**

On July 26, 2006, MDS America, Inc. ("MDSA") filed a "Motion to Hold MDS International, S.A.R.I. in Contempt." On August 14, 2006, the court received a document [Dkt. # 109] signed by Jean-Claude Ducasse purporting to be Defendant MDS International, S.A.R.I.'s ("MDSI's") response to MDSA's motion. Defendant MDSI is a corporation, and it does not appear from the pleadings filed thus far that Jean-Claude Ducasse is an attorney licensed to practice in the Eastern District of Michigan.

Ordinarily, parties are permitted to proceed either personally or by counsel. "It has been the law for the better part of two centuries[, however,] . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829 (1824)). Thus, corporations cannot properly be "represented" in court by their owners, officers or anyone else who is not an attorney admitted to practice. *See* 28 U.S.C.§ 1654; *Doherty v. American Motors Corp.*, 728

F.2d 334, 340 (6th Cir. 1984) ("The rule of this circuit is that a corporation cannot appear in federal court except through an attorney."); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."); *United States v. 9.19 Acres of Land, More or Less, Situate in Marquette County, Michigan,* 416 F.2d 1244, 1245 (6th Cir. 1969) ("The United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court.").

Moreover, in order to practice law before the bench of the Eastern District of Michigan, an attorney must be admitted to the district. *See* E.D. Mich. LR 83.20. "Practice" includes signing a paper. E.D. Mich. LR 83.20(a)(1). *Pro hac vice* admission is not recognized by this district. E.D. Mich. LR 83.20(c)(1). Because it does not appear that MDSI has complied with these rules, the court will not consider Jean-Claude Ducasse's filing as a response to MDSA's motion.

Accordingly, IT IS ORDERED that Defendant MDSI shall, within 21 days of the issuance of this order, have counsel file both an appearance with the court and a responsive pleading. Defendant is cautioned that if it does not have a licensed attorney admitted to practice law before the Eastern District of Michigan respond within 21 days of the issuance of this order, Plaintiff MDSA's motion will stand unopposed and will be decided accordingly.

IT IS FURTHER ORDERED that Plaintiff MDSA shall serve Defendant MDSI with this order within 7 days of the issuance of this order.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 29, 2006, by electronic and/or ordinary mail.

        S/Lisa G. Teets
        Case Manager and Deputy Clerk
        (313) 234-5522