**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MDS AMERICA, INC.,

    Plaintiff,

v.                                    Case No. 04-CV-72353-DT

MDS INTERNATIONAL, S.A.R.I.,

    Defendant.
                                             /

**OPINION AND ORDER GRANTING IN PART PLAINTIFF MDS AMERICA'S
"MOTION TO HOLD MDS INTERNATIONAL, S.A.R.I. IN CONTEMPT"**

Before the court is Plaintiff MDS America, Inc.'s ("MDSA's") July 26, 2006 "Motion to Hold Defendant MDS International, S.A.R.I. ["MDSI"] in Contempt," and August 16, 2006 "Supplement." On August 14, 2006, the court received a document signed by Jean-Claude Ducasse purporting to be MDSI's response to MDSA's motion.[1] Because MDSI is a corporation, and it did not appear from the pleadings filed thus far that Jean-Claude Ducasse is an attorney, the court ordered MDSI to have a licensed attorney admitted to practice law before the Eastern District of Michigan file an appearance and responsive pleading within 21 days. (08/29/06 Order.) MDSI has not done so as of the date of this order. As a result, all of the facts alleged in MDSA's motion are uncontested, and the court will accordingly grant in part MDSA's motion to hold MDSI in contempt.

---

[1] This document, however, does not constitute an adequate response because "[a]n officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation." *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).

## I. STANDARD

The district court is afforded wide discretion in deciding a contempt petition. *Elec. Workers Pension Trust Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). There is no doubt that the due process safeguards customarily applied in civil litigation apply to civil contempt proceedings. The party charged with contempt is entitled to proper notice, an impartial hearing, and an opportunity to present a defense. *NLRB v. Cincinnati Bronze Inc.*, 829 F.2d 585, 589 (6th Cir. 1987). Generally, civil contempt proceedings are summary in nature and "[t]he full panoply of evidentiary and procedural safeguards of criminal proceedings or trial need not be employed." *Nabkey v. Hoffius*, 827 F. Supp. 450, 452 (W.D. Mich. 1993).

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Gary's Elec. Serv. Co.*, 340 F.3d at 378. Although the power to punish a party for contempt should not be invoked lightly, the Supreme Court has explained that this power "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it [the courts] are mere boards of arbitration, whose judgements and decrees would be only advisory." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911).

To hold a litigant in contempt, the movant must provide clear and convincing evidence that shows that the charged party violated a "definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 379 (quoting *Cincinnati Bronze*, 829 F.2d at 591).

## II.  DISCUSSION

Here, the uncontested evidence presented to the court establishes that MDSI has notice of the parties' settlement order.  Because MDSI does not refute the factual allegations in MDSA's motion, the court makes the following findings:

1) MDSI did not have a signed contract with SC-TV in Ireland, yet attempted to prevent MDSA from legitimately pursuing business with SC-TV in violation of the Settlement Agreement.

2) On its website, MDSI advertises that it provides MVDDS products, a term used in United States markets.  The Settlement Agreement prohibits MDSI from competing with MDSA in the NAFTA countries.  Although the court is not prepared to conclude that this statement violates the agreement as a matter of law, MDSI is required to state clearly on its website that it does not serve the United States.

3) MDSI's April 2006 press release confirming its exclusive rights to manufacture and market the HyCanC patent violates the Settlement Agreement that makes MDSA the sole owner of the rights to the HyCanC technology.

4) To date, MDSI has not provided MDSA proof that it has dropped all pending civil and criminal actions against Kirk Kirkpatrick, Sheikh Ali, MDSA and Peter Blond.  Because the Settlement Agreement requires the parties to dismiss with prejudice all actions and counterclaims against the released parties, MDSA is required to submit proof of its compliance.

5) Under the Settlement Agreement, the parties are to refrain from disparaging each other.  Although the court is not willing to find that a statement made in a MDSI

3

    shareholder meeting by MDSI's attorney breaches this agreement as a matter of law, MDSI is cautioned to take care when referring to MDSA in the future.

6)     On July 24, 2006, Mr. Christian Borel, MDSA's French counsel, advised MDSA that he could not proceed with arbitration before receiving the appropriate power of attorney.  Under the Settlement Agreement, the parties are to submit three issues to arbitration by requesting the Court of Paris, France to designate an arbitrator not later than May 15, 2006.  If not resolved expeditiously, MDSA's delays will be considered a violation of the Settlement Agreement.

### III.  CONCLUSION

Because a number of these uncontested events violate the Settlement Agreement, and Defendant presents no evidence that it is presently unable to comply with the court's order, the court finds MDSI in civil contempt for failing to comply with the Settlement Agreement.  Accordingly,

IT IS ORDERED that MDSA's "Motion to Hold MDS International, S.A.R.I. in Contempt" is GRANTED in part, and MDSI is found in civil contempt for violating the Settlement Agreement.

IT IS FURTHER ORDERED that MDSI pay MDSA its attorneys fees and costs incurred in making this motion as provided in the Settlement Agreement.  MDSA shall submit either a stipulated bill of fees and costs, or an affidavit, detailing the amount of reasonable attorneys fees and costs incurred as a result of having to file its motion for contempt, within 21 days from the date of this order.

IT IS FURTHER ORDERED that MDSI issue the letter found in MDSA's Exhibit M to SC-TV clarifying that MDSA is free to do business with SC-TV as long as SC-TV does not have a current, signed contract or purchase order with MDSI.

IT IS FURTHER ORDERED that MDSI either remove all references to MVDDS from its website or issue a disclaimer that it does not serve the United States on every web page on which the term MVDDS appears.

IT IS FURTHER ORDERED that MDSA provide its attorney with the appropriate power of attorney within 28 days from the date of this order to enable the parties to proceed with expeditious arbitration in France.

IT IS FURTHER ORDERED that MDSA serve MDSI with a copy of this order within 7 days of the issuance of this order.

IT IS FURTHER ORDERED that to the extent MDSA requests the court to fine MDSI $1,000 per day for each day of noncompliance, enter a judgment in its favor for the amount in dispute in the arbitration, require MDSI to arbitrate the claims before the American Arbitration Association in New York City, or lift the confidential treatment of the Settlement Agreement, its motion is DENIED WITHOUT PREJUDICE because MDSA has provided the court no basis in the Settlement Agreement or elsewhere for its requested relief.

       s/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2006, by electronic and/or ordinary mail.

s/Lisa G. Wagner<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522