UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MDS AMERICA, INC.,

    Plaintiff,

v.                                                Case No. 04-CV-72353-DT

MDS INTERNATIONAL, S.A.R.I.,

    Defendant.
                                        /

**ORDER AWARDING PLAINTIFF ATTORNEYS' FEES**

In its September 29, 2006 "Opinion and Order Granting in Part Plaintiff MDS America's 'Motion to Hold MDS International, S.A.R.I. in Contempt,'" the court granted Plaintiff MDS America, Inc.'s ("MDSA's") request for reasonable attorneys' fees and costs associated with filing its motion. Pursuant to the court's order, MDSA's attorney Laurin Hills has filed an affidavit attesting to the attorneys' fees MDSA incurred in preparing its motion. After reviewing Mills's affidavit, the court will award MDSA attorneys' fees in the amount of $2,500.

**I. STANDARD**

The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also United States v. Metropolitan Health Corp.*, No. 02-485, 2005 WL 3434830 (W.D. Mich. 2005) (applying the lodestar approach in determining the reasonableness of an attorneys' fee award in a civil contempt case). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-434.  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."  *Id.*  Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.  *Id.* at 430 n.3.

## II.  DISCUSSION

### A.  Reasonable Hourly Rate

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community.  *Blum v. Stenson*, 46 U.S. 886, 897 (1984).  "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 896 n.11.  An attorneys' fee must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys."  *Id.* (internal quotations and citations omitted).

MDSA seeks to recover its attorneys' fees for work performed by attorneys Laurin Mills and Leslie Machado at a "blended partner rate of $385," which Mills claims is substantially lower than either of their normal hourly rates of $515 and $430, respectively.  (Mills Aff. at 1.)  While the court recognizes that Mills and Machado are

partners at a large Washington, D.C. firm, "when a counselor has voluntarily agreed to represent a plaintiff in an out-of-town lawsuit, thereby necessitating litigation by that lawyer primarily in the alien locale of the court in which the case is pending, the court should deem the 'relevant community' for fee purposes to constitute the legal community within that court's territorial jurisdiction." *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (citing *Hudson v. Reno*, 130 F.3d 1193, 1208 (6th Cir. 1997), cert. denied, 525 U.S. 822 (1998)). The court will therefore consider Southeast Michigan to be the relevant community for purposes of this fee calculation.

District courts have relied on the State Bar of Michigan 2003 Economics of Law Practice survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice. *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 Fed. App'x. 498, 501-02 (6th Cir. 2006). The 2003 State Bar of Michigan survey demonstrates that, during 2003, the average billing rate for all attorneys was $177 per hour. For attorneys in large firms (over 100 attorneys), the rate was $251 per hour, $210 for equity partners, $238 for attorneys whose office was located in downtown Detroit, and $186 for attorneys whose office was located elsewhere in Southeast Michigan. Even taking into account the rate increase from 2003 to 2006, a number of courts have found that $200 per hour constituted a fair average billing rate for fee award purposes in several types of litigation. *See Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed. App'x. 226, 228 (6th Cir. 2005); *Lamar*, 178 Fed. App'x. at 501-02; *Darbyshire v. Garrison*, No. 04-CV-72272, 2006 WL 581032, at *3 (E.D. Mich. Mar. 8, 2006).

Considering the fact that Miller and Machado are partners in a large firm working on a complex case, the court finds that an hourly rate higher than the average Detroit rate of $200 is appropriate.  The requested rate of $385, however, is higher than the rate charged by the 95th percentile of Southeast Michigan attorneys, even for equity partners and attorneys practicing in large firms.  Furthermore, that rate is between the rate charged by the 75th and 95th percentile of attorneys in firms with their office located in downtown Detroit.  While this blended partner rate of $385 per hour may be considered reasonable in Washington D.C., it exceeds the amount necessary to compensate reasonably competent council in Detroit.  MDSA has not met its burden of establishing that $385 is a reasonable rate, because while Mills and Machado cite generally to their background and experience, they do not present any evidence to support the contention that $385 is a reasonable rate in this market.  In light of all the facts and circumstances, the court finds that $250 per hour is a reasonable rate.

### B.  Number of Hours Reasonably Expended

The court finds that MDSA seeks compensation for an excessive number of hours, and the court will reduce its award accordingly.  *See Hensley*, 461 U.S. at 434 (citations omitted) ("The district court also should exclude from this initial fee calculation hours that were not reasonably expended.").  Mills and Machado claim a total of 25.8 hours for a straightforward motion to compel and a brief reply.  (Mills Aff. at 2 and Ex. A)  This total includes over 18 hours for drafting.  (*Id.*)  For experienced partners in a prominent Washington D.C. law firm, billing 18 hours to draft a relatively simple motion to compel and limited reply is excessive.  Based on the complexity of the case and motion, the court finds that a total 10 hours for fact-gathering and drafting is appropriate.

Accordingly, the court awards MDSA its attorneys' fees for 10 hours at a rate of $250 per hour, for a total award of $2,500.

### III. CONCLUSION

IT IS ORDERED that Defendant MDSI pay Plaintiff MDSA $2,500 in reasonable attorneys' fees incurred in bringing its motion to compel.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2006, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522